The Honorable Jim Argue, Jr. House of Representatives 5905 Forest Place, #210 Little Rock, Arkansas 72207-5245
Dear Representative Argue:
This letter is a response to your request for an opinion regarding the deposit of certain monies into the county general fund. You have presented the following specific questions:
 Which Arkansas statute does the Collector's Office use to authorize penalties and costs collected on delinquent real estate to be deposited into the county general fund for general use?
You have also requested that in answering your question, we examine the relationship between A.C.A. §§ 26-26-201(a)(3) and 26-36-201(b), as well as the relationship between A.C.A. §§ 26-37-109(c) and 26-37-205.
You have not specified the particular "penalties and costs" to which your question refers. However, because the statutes that you have requested us to examine do set forth particular funds that can come into the Collector's Office as a result of real estate being delinquent in various matters, I will assume that these funds are the "penalties and costs" to which your question refers.
It is my opinion that the collector may deposit the funds addressed in A.C.A. § 26-26-201 into the county general fund under the specific authority of A.C.A. § 26-26-201, but that in order to deposit the funds addressed in A.C.A. §§ 26-36-201 and 26-37-109 into the county general fund, the collector must rely on authority provided by the county's quorum court.
The statutes about which you have inquired deal with funds obtained from four different sources:
(1) The penalty for failure to assess (A.C.A. § 26-26-201);
(2) The penalty for failure to pay taxes (A.C.A. § 26-36-201);
 (3) The proceeds from a redemption of property prior to transfer to the state land commissioner (A.C.A. § 26-37-109); and
 (4) The proceeds from a sale or redemption of property sold by the land commissioner (A.C.A. § 26-37-205).
These statutes govern different subjects and do not affect one another. Only one of them — A.C.A. § 26-26-201 — expressly provides authority for a particular disposition of the subject funds by the collector. It specifically states that the collector is to deposit the funds into the county general fund. The other statutes are silent on the issue of the collector's proper disposition of the subject funds. The other statutes in which the legislature might have addressed the issue — e.g.., the statutes addressing county funds (A.C.A. § 14-21-101 et seq.), the statutes addressing county accounting (A.C.A. § 14-25-101 et seq.), and the statutes addressing the powers of the various officers (A.C.A. §14-15-101 et seq.) — are also silent on the issue of the disposition of these funds.[1]
It is my opinion that each county's quorum court has the authority to determine the disposition of the funds obtained under the authority of the statutes that do not specify a particular disposition (A.C.A. §§26-36-201, 26-37-109, and 26-36-205).
Various constitutional provisions and statutes provide authority for this conclusion. Some of the provisions are general statements of the county's authority, and are broad enough to encompass a grant of authority to determine the disposition of the funds in question.
For example, Amendment 55, § 1 of the Arkansas Constitution provides that counties, acting through their quorum courts, may "exercise local legislative authority not denied by the Constitution or by law." (This general grant of authority is statutorily restated in A.C.A. §14-14-801.) Although the constitution and the statutes do specifically forbid counties from engaging in certain acts, see, e.g., Ark. Const., Am. 55, § 1 (b) and A.C.A. § 14-14-702, neither body of law prohibits counties from determining the disposition of funds whose disposition is not provided for under state law.
Another statement of the quorum court's general authority that would encompass the power to determine the disposition of funds can be found in Amendment 55, § 4 of the Arkansas Constitution, which states: "In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to . . . adopt ordinances necessary for the government of the county."
Other statutes provide somewhat more direct (although not specific) authority for the quorum court to determine the disposition of funds.
For example, A.C.A. § 14-14-802(a)(3) provides: "A county government, acting through the county quorum court, shall provide, through ordinance, for the following necessary services for its citizens: . . . Real and personal property tax administration, including assessments, collection, and custody of tax proceeds."
Another example of more direct (yet not specific) statutory authority for the quorum court to exercise this function can be found in A.C.A. §14-20-113. It states: "The quorum court in each county shall provide for the collection of delinquent taxes within the county. . . ."
In determining the disposition of the funds in question, county quorum courts can be guided by the statute which provides the closest analogous authority on the question of the proper disposition of costs and penalties: A.C.A. § 14-14-906. It states: "All fines and penalties imposed for violation of any county ordinance shall be paid into the county general fund." Unless the county has enacted ordinances adopting the provisions of the statutes that provide for the penalties and costs in question, this statute is not controlling. However, it does indicate a general legislative intent with regard to the disposition of costs and penalties, and can therefore be used as a guideline by the county quorum courts in determining the disposition of these monies.
To summarize, I conclude that the collector may deposit the funds addressed in A.C.A. § 26-26-201 into the county general fund under the express authority set forth therein. I also conclude that there is no statutory or other state law authority for the disposition of the funds addressed in the other statutes about which you have inquired (A.C.A. §§26-36-201, 26-37-109, and 26-36-205). I further conclude that state law provides authority under which the counties' quorum courts may determine the disposition of these monies, and that therefore, in order to deposit the funds addressed in those other statutes into the county general fund, the collector must rely on authority provided by the county's quorum court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] Although the county accounting laws do require the county treasurer to keep records of the amounts obtained by the county from various sources, see A.C.A. § 14-25-114, they do not specify the particular funds (e.g., county general fund) into which these amounts are to be deposited.